UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ARIN McLEAN | CIVIL ACTION NO. 08-cv-0865 |
| VERSUS | JUDGE JAMES |
| CENTURYTEL OF MISSOURI, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Arin McLean ("Plaintiff") was previously employed at a CenturyTel call center in Missouri. She filed this civil action against two CenturyTel entities pursuant to the Fair Labor Standards Act based on allegations that CenturyTel failed to pay Plaintiff for time spent engaged in preparatory activities, work performed during breaks, and work at the end of the work day. Plaintiff's complaint, filed in a Missouri federal court, stated it was filed on behalf of herself and all other similarly situated CenturyTel employees, invoking the collective action provision of 29 U.S.C. § 216(b). See Mooney v. Aramco Serv. Co., 54 F.3d 1207 (5th Cir.1995) and Updite v. Delta Beverage Group, Inc., 2006 WL 3718229 (W.D. La. 2006) (describing certification process).

The complaint was filed in March 2008. Defendants answered, and the Missouri district judge set a scheduling conference for May 14, 2008. On the day before the conference, Defendants filed a motion to change venue and transfer the case to this district, where CenturyTel is headquartered. The court held the conference the next day and issued an order that Plaintiff submit a motion for certification of a collective action by July 14,

2008. It appears from the submissions that the parties anticipated that some discovery would precede the certification litigation. In June 2008, about a month before the deadline, the Missouri court transferred venue of the case to this court.

Within days, this Louisiana federal court issued a civil case management order. The attorneys were directed to meet by August 25, 2008 to develop a case management plan. They were also instructed to file the case management plan within 14 days after the meeting. The parties were directed to exchange initial disclosures, but they were warned not to seek discovery absent an agreement of the parties or court order. Doc. 21.

The July 14, 2008 deadline set by the Missouri court passed. About two weeks later, CenturyTel filed a Motion to Strike Collective Action Allegations (Doc. 33) based on perceived untimeliness. CenturyTel argues that the transfer of the case did not invalidate the prior deadline, and it cites decisions that have held that a failure to timely file a motion for certification may be grounds to preclude certification. Plaintiff responded that this court's ban on pre-meeting discovery prevented the discovery that the parties agree was needed before the certification issue could be litigated. Plaintiff also urged that the Missouri court anticipated or presumed that the transferee court would not be bound by the schedule.

This court need not divine the Missouri court's intent or decide the continuing legal validity of the July 14 deadline in light of the transfer and the Louisiana order. That is because the court has a great deal of discretion in scheduling pre-trial matters, and the best exercise of that discretion is to set a new deadline for filing a motion to certify. Several facts

counsel that result. First, there was at least some reasonable question as to the continuing effect of the Missouri order that set the July 14 deadline, although Plaintiff's counsel should have sought an order from this court to clarify things and avoid the risk to his potential clients (now faced) that they could not join this action. Also, Plaintiff represents that the parties did confer on July 9, 2008 and filed their Case Management Plan (Doc. 35). All parties served initial disclosures, and Plaintiff served CenturyTel with discovery responses (the lack of which CenturyTel complained of in its motion). There is also the practical reality that, in almost every case transferred from another district, this court schedules it anew. Finally, the remedy sought is harsh, but CenturyTel has not articulated any prejudice that a slight delay in the certification litigation might cause it. The delay, frankly, favors CenturyTel because the original filing may not interrupt the limitations period for plaintiffs who might join later. 29 U.S.C. § 256(b); Updite, 2006 WL 3718229, *5. Upon consideration of all of these factors, the undersigned determines that the best and most reasonable exercise of this court's discretion is to deny the motion to strike the collective action allegations and promptly schedule a new deadline for Plaintiff to file a motion to certify the matter as a collective action.

Counsel agreed at a recent conference with the undersigned that scheduling should be deferred pending a ruling on this motion. The undersigned advised that if the motion were denied the court would set a deadline for Plaintiff to file a motion to certify the matter as a

collective action. Doc. 41. Sixty days after the district judge acts on the motion to strike is a reasonable period to prepare and file the motion to certify.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Strike Collective Action Allegations (Doc. 33) be **denied**.

**IT IS FURTHER RECOMMENDED** that the court order Plaintiff to file any motion to certify this matter as a collective action within 60 days after the court's order that disposes of the motion to strike.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of September, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE